UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN LANELL MCCRAY,

    Petitioner,

v.

                                  Civil No: 06-CV-12479
                                  Honorable Patrick J. Duggan
                                  Magistrate Judge Steven D. Pepe

NICK LUDWICK,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on June 15, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

    Petitioner, Ryan Lanell McCray, is on parole and reporting to the Saginaw County Parole Office. Petitioner was convicted by guilty plea in Saginaw County Circuit Court of delivery of less than fifty grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv).[1] Petitioner pled guilty in exchange for an agreement that the prosecutor would request Petitioner's minimum sentence not exceed 24 months. The trial court sentenced Peitioner, a fourth habitual offender pursuant to Mich. Comp. Laws § 769.10, to five years probation on December 17, 1998. While on probation, Petitioner violated its terms. He pled guilty to

---

[1] Petitioner pled guilty to selling two rocks of cocaine (less than 50 grams) to an undercover agent. (Plea Tr. 10/20/98 at 11-12.)

the probation violation on November 4, 2002, and was sentenced to six to twenty years imprisonment on the original charge.[2] On December 16, 2008, Petitioner was released on parole, with a supervision discharge date of June 16, 2010.[3] Petitioner has now filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court denies the petition.

### I. Background

Petitioner is seeking habeas relief from the six to twenty-year sentence imposed by the trial court after the probation violation. In state court, Petitioner filed a delayed application for leave to appeal and raised the following claims:

> I. The trial court violated Appellant's state and federal constitutional rights where Appellant's sentence of 6 to 20 years which exceeds the plea agreement of a 24 month cap on the minimum sentence[,] the sentencing guidelines of 24 to 96 months is disproportionate, cruel and unusual punishment, and an abuse of discretion, where the judge failed to give a[n] adequate reason for the departure.
>
> II. The trial court judge violated Appellant's state and federal constitutional rights where he [was] denied the appointment of appellate counsel to assist Appellant with an application for leave to appeal.

The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in

---

[2]"Mr. McCray's before the Court to – – on a petition filed by the department of corrections alleging that Mr. McCray violated the terms of his probation by testing positive for cocaine on October the 9th, August 21st, and August the 7th of this year; and by failing to verify his residence between October the 1st and October 15th of this year even though he was instructed to do so." (Probation Violation Plea Tr. 11/4/02 at 3.)

[3]The fact that Petitioner is no longer incarcerated does not moot his claim for habeas relief because he has been released on parole; nor is this Court's subject matter jurisdiction defeated. 28 U.S.C §2254(b).

the grounds presented." *People v. McCray,* No. 252233, (Mich. Ct. App. June 17, 2004).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same two issues as those presented to the Michigan Court of Appeals. On March 10, 2005, the court denied petitioner's application "because [it was] not persuaded that the questions presented should be reviewed by [the] Court." *People v. McCray,* 472 Mich. 871; 693 N.W.2d 814 (2005) (table). However, Justices Cavanagh and Kelly stated that they "would hold this case in abeyance for *Halbert v. Michigan,* cert. gtd. 543 U.S. 1042, 125 S.Ct. 823, 160 L.Ed.2d 609 (2005)." *Id.* The United States Supreme Court decided *Halbert* on June 23, 2005, holding that defendants convicted on their pleas are entitled to appointment of appellate counsel when they seek access to first-tier review in the Michigan Court of Appeals. 545 U.S. 605, 610, 125 S. Ct. 2582, 2586.

In July 2005, after the issuance of *Halbert*, Petitioner filed a request for the appointment of appellate counsel.[4] In August 2005, Petitioner's request was granted. With the assistance of appointed counsel, Petitioner filed a second delayed application for leave to appeal with the Michigan Court of Appeals raising the following claim:

> I. Whether the trial court abused its discretion in imposing a disproportionate sentence after revocation of probation.

On October 26, 2005, the Michigan Court of Appeals again denied Petitioner's delayed application "for lack of merit in the grounds presented." *People v. McCray,* No: 265211,

---

[4]This was actually Petitioner's third request for the appointment of appellate counsel. The first two requests pre-dated *Halbert* and had been denied.

(Mich. Ct. App. Oct. 26, 2005). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court and raised the following two issues:

> I. Whether the trial court abused its discretion in imposing a disproportionate sentence after revocation of probation.
>
> II. [Wether] [t]he trial court judge violated Appellant's state and federal constitutional rights where he [was] denied the appointment of appellate counsel to assist Appellant with an application for leave to appeal.

The Michigan Supreme Court denied Petitioner's application "because [it was] not persuaded that the questions presented should be reviewed by [the] Court." *People v. McCray,* 474 Mich. 1126; 712 N.W.2d 474 (2005) (table).

> Petitioner now seeks a writ of habeas corpus asserting the following two claims:
>
> I. The trial court violated Appellant's state and federal constitutional rights where Appellant's sentence of 6 to 20 years which exceeds the plea agreement of a 24 month cap on the minimum sentence[,] the sentencing guidelines of 24 to 96 months is disproportionate, cruel and unusual punishment, and an abuse of discretion, where the judge failed to give a[n] adequate reason for the departure.
>
> II. The trial court judge violated Appellant's state and federal constitutional rights where he [was] denied the appointment of appellate counsel to assist Appellant with an application for leave to appeal.

## II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

### III. Petitioner's Sentence of Six to Twenty Years

In the first issue presented to the Court, Petitioner challenges the imposition of the six to twenty-year sentence on three separate grounds: Petitioner asserts that the sentence violates his plea agreement; constitutes disproportionate, cruel and unusual punishment; and exceeds the Michigan sentencing guidelines. Each claim will be addressed in turn.

#### A. Breach of Plea Agreement

Petitioner asserts that the imposition of six years as his minimum sentence violates the sentencing plea agreement whereby the prosecutor agreed to request that Petitioner's minimum sentence not exceed 24 months. The record does not support Petitioner's contention. At petitioner's original plea proceeding, the trial court acknowledged Petitioner's agreement and the prosecuting attorney followed through by making the agreed upon 24-month minimum sentence recommendation at sentencing. (Plea Tr. 10/20/98 at 3; Sent. Tr. 12/17/98 at 10-11.) Furthermore, the trial court acted on the prosecuting attorney's recommendation by sentencing Petitioner to a term of probation. On these facts, the prosecuting attorney complied with the terms of the plea agreement. Furthermore, the fact that Petitioner later violated the terms of probation and was resentenced by the trial court to a minimum of six years does nothing to impugn the prosecuting attorney's original compliance with the terms of the plea agreement. *See Smith v. Stegall*, 385 F.3d 995, 999 (6th Cir. 2004) ("[T]he state will be held to the literal terms of the plea agreement.") Therefore, Petitioner's claim is factually inaccurate.

### B. Eighth Amendment Violation

Petitioner also cannot prevail on any claim that his probation violation sentence constitutes disproportionate, cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at

6

583.  A sentence within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).  "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

As indicated above, the trial court sentenced Petitioner to a term of imprisonment of six to twenty years on his drug conviction.  This sentence is within the statutory maximum for a habitual offender.  Mich. Comp. Laws § 333.7401(2)(a)(iv); Mich. Comp. Laws § 769.10.  Furthermore, the trial court informed Petitioner of the applicable sentencing range at his original sentencing hearing in 1998 and warned Petitioner that a violation of the probation terms would result in him being brought back for sentencing on the original charge.[5]  (Sent. Tr. 12/17/98 at 10-13.)  The trial court's subsequent imposition of a sentence within the sentencing range does not violate the Eighth Amendment and habeas relief is not warranted.

### C.  Departure from the Michigan Sentencing Guidelines

The trial court's alleged departure from the Michigan sentencing guidelines in

---

[5] Peitioner's sentencing guideline range was 24 to 96 months as a minimum with a possible maximum of life.  (Sent. Tr. 12/17/98 at 10-11.)

determining Petitioner's sentence is a matter of state concern only.[6] *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003). Therefore, Petitioner's challenge to his minimum sentence of six years fails to state a claim for which habeas relief may be granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991). Therefore, this claim is not cognizable; and habeas relief is not warranted.

### IV. Appointment of Appellate Counsel

As his second ground for relief, Petitioner claims that he was denied the appointment of appellate counsel to assist him with preparing an application for leave to appeal. Petitioner's record, however, reveals otherwise. Although Petitioner's requests for appellate counsel were twice denied, Petitioner's third request on July 21, 2005, was granted on August 4, 2005. Attorney Gerald Ferry then prepared a second delayed application for leave to appeal on Petitioner's behalf.[7] Because Petitioner received the assistance of appellate counsel, the Court is not in a position to grant any effectual relief and Petitioner's claim is

---

[6]The trial court did not actually depart from the applicable guideline range; Petitioner's six-year (72-month) minimum falls within the range of 24 to 96 months.

[7]Petitioner prepared *pro se* applications for leave to appeal which were filed with the Michigan Court of Appeals and the Michigan Supreme Court before he was appointed appellate counsel.

8

moot.

## V. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[A] district judge who has just denied a habeas petition . . . . will have an intimate knowledge of both the record and the relevant law and could simply determine whether to issue the certificate of appealability when she denies the initial petition.")).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). In this case, the Court concludes that

9

reasonable jurists would not debate the Court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

### VI. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

_____
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT

Copies To:
Ryan McCray, #197588
c/o Saginaw County Parole Office
1835 Treanor Street
Saginaw, MI 48601

Brian O. Neill, Esq.